**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

**FILED**

JUL 31 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50080 |
| Plaintiff-Appellee, | D.C. Nos. 2:19-cr-00282-RGK-7 |
| v. | 2:19-cr-00282-RGK-8 |
| | 2:19-cr-00282-RGK-9 |
| SCUDERIA DEVELOPMENT, LLC; 1001 DOUBLEDAY, LLC; VON-KARMAN - MAIN STREET, LLC; 10681 PRODUCTION AVENUE, LLC, | 2:19-cr-00282-RGK-10 |
| | MEMORANDUM[*] |
| Defendants-Appellants. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50081 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00282-RGK-5 |
| v. | |
| PERFECTUS ALUMINIUM INC, AKA Perfectus Aluminium Inc, | |
| Defendant-Appellant. | |

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.   22-50082 |
| Plaintiff-Appellee, | D.C. No. 2:19-cr-00282-RGK-6 |

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

v.

PERFECTUS ALUMINUM
ACQUISITIONS, LLC,

       Defendant-Appellant.

UNITED STATES OF AMERICA,

       Plaintiff-Appellant,

 v.

ZHONGTIAN LIU, AKA Big Boss, AKA
Chairman, AKA UL, AKA Uncle Liu, AKA
Liu Zhongtian; CHINA ZHONGWANG
HOLDINGS; ZHAOHUA CHEN, AKA
Uncle Chen, AKA Chen Zhaohua; XIANG
CHUN SHAO, AKA Johnson Shao,

       Defendants,

 and

PERFECTUS ALUMINIUM INC;
PERFECTUS ALUMINUM
ACQUISITIONS, LLC; SCUDERIA
DEVELOPMENT, LLC; 1001
DOUBLEDAY, LLC; VON-KARMAN -
MAIN STREET, LLC; 10681
PRODUCTION AVENUE, LLC,

       Defendants-Appellees.

No.    22-50103

D.C. Nos.
2:19-cr-00282-RGK-4
2:19-cr-00282-RGK-5
2:19-cr-00282-RGK-6
2:19-cr-00282-RGK-7
2:19-cr-00282-RGK-8
2:19-cr-00282-RGK-9
2:19-cr-00282-RGK-10
2:19-cr-00282-RGK

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

2

Argued and Submitted July 15, 2024
Pasadena, California

Before:  PAEZ and SANCHEZ, Circuit Judges, and LYNN,[**] District Judge.

Defendants-Appellants appeal their jury convictions on 24 counts for conspiring to commit wire fraud, customs fraud, and promotional money laundering in violation of 18 U.S.C. § 371; wire fraud in violation of 18 U.S.C. § 1343; customs fraud in violation of 18 U.S.C. § 545; and money laundering in violation of 18 U.S.C. § 1956(a)(2)(A).  They also appeal the district court's restitution order, while the Government cross-appeals the court's restitution payment schedule.  We have jurisdiction under 28 U.S.C. § 1291.  We affirm Defendants' convictions and vacate the restitution order in part.

1.    The district court did not err in denying Defendants' motion to dismiss.  Because U.S. corporate Defendants' wires originated or terminated in the Central District of California, this case concerns domestic applications of the wire fraud statute.  *See United States v. Hussain*, 972 F.3d 1138, 1145 (9th Cir. 2020).  Further, the indictment adequately alleged the elements of customs fraud.  The indictment alleged that Defendants intended to defeat or avoid 2011 antidumping/countervailing duties ("AD/CVD") orders by knowingly submitting

---

[**]    The Honorable Barbara M. G. Lynn, United States District Judge for the Northern District of Texas, sitting by designation.

false documentation to U.S. Customs and Border Protection ("Customs") asserting that their aluminum pallets were "finished merchandise."  18 U.S.C. § 545; *see United States v. Robinson*, 147 F.3d 851, 853 (9th Cir. 1998) (explaining that customs fraud occurs at the time of "the submission of false, forged or fraudulent invoices" at the port of entry).  The district court correctly denied Defendants' motion to dismiss the indictment on these grounds.

2.    The district court did not abuse its discretion in conducting voir dire. Defendants' claim that the district court was required to inquire about anti-Asian and anti-Chinese bias rests on speculation about the COVID-19 pandemic and general animosity toward China, but a "trial court may refuse questions which are tied to prejudice only speculatively."  *United States v. Anekwu*, 695 F.3d 967, 978 (9th Cir. 2012) (cleaned up) (quoting *United States v. Payne*, 944 F.2d 1458, 1474 (9th Cir. 1991)).  To the extent Defendants preserved their voir dire objection for appeal, the district court exercised its "considerable discretion" by declining to ask proposed questions that concerned the COVID-19 pandemic and were only speculatively linked to any concerns about juror bias.  *United States v. Medina Casteneda*, 511 F.3d 1246, 1250 (9th Cir. 2008).

3.    The Government did not commit a constructive amendment or impermissible variance between the indictment and trial.  The indictment alleges that Defendants conspired to import aluminum extrusions tack-welded into the

4

shape of pallets and falsely represent to Customs that the aluminum pallets were "finished merchandise" beyond the ambit of the 2011 AD/CVD orders.  The Government presented the same theory of customs fraud at trial.  Government witnesses testified that the pallets were not "finished merchandise" because they lacked any "non-extruded aluminum," evidence that is consistent with the indictment's charge that Defendants smuggled extruded aluminum into the United States as "finished merchandise."  Nor was the Government's proof at trial an impermissible variance because the proven facts were not "materially different from those alleged in the indictment."  *United States v. Hartz*, 458 F.3d 1011, 1020 (9th Cir. 2006) (quoting *United States v. Von Stoll*, 726 F.2d 584, 586 (9th Cir. 1984)).

4.     The district court properly admitted co-conspirator statements.  At trial, the Government established the existence of a conspiracy to commit wire fraud and customs fraud, and thus needed "only [to] present slight evidence connecting the defendant to the conspiracy."  *United States v. Crespo de Llano*, 838 F.2d 1006, 1017 (9th Cir. 1987).  Defendants' challenged statements were directly connected to and in furtherance of the proven conspiracy, and the court correctly held them to be admissible under the co-conspirator hearsay exclusion of Federal Rule of Evidence 801(d)(2)(E).

5.     The district court correctly instructed the jury.  The court properly

declined to give "entrapment-by-estoppel" and "mere-presence" defense instructions because Defendants failed to present prima facie evidence such that a jury "could rationally sustain the defense." *United States v. Kayser*, 488 F.3d 1070, 1076 (9th Cir. 2007) (quoting *United States v. Jackson*, 726 F.2d 1466, 1468 (9th Cir. 1984) (per curiam)). The district court correctly instructed the jury on the law regarding the AD/CVD orders and the Department of Commerce's 2017 scope ruling and did not usurp the jury's fact-finding role. Because each object of the conspiracy was legally sufficient, the district court did not abuse its discretion by using a general verdict form.

6.    The Government presented sufficient evidence of customs fraud and wire fraud to support the jury's verdict. The Government provided ample evidence of Defendants' willful acts and intent to engage in customs fraud, as well as evidence of Defendants' deliberate misrepresentations to investors for the wire fraud counts. Viewing the evidence in the light most favorable to the prosecution, any rational juror "could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).

7.    Finally, the district court properly ordered restitution of $1,836,244,745 to Customs for unpaid duties under the Mandatory Victims Restitution Act ("MVRA") and properly found all Defendants jointly and severally liable. *See United States v. Gagarin*, 950 F.3d 596, 609 (9th Cir. 2020).

6

The court erred, however, in imposing the restitution payment schedule without resolving the parties' dispute concerning the value of the Warehouse Defendants' assets. The MVRA "requires both that a district court set forth its reasons in *resolving a dispute* over restitution and that a restitution award . . . be adequately supported by evidence in the record." *United States v. Tsosie*, 639 F.3d 1213, 1222 (9th Cir. 2011) (emphasis added). "By its use of the '*all* property or rights to property' language, Congress has made quite clear that the totality of defendants' assets will be subject to restitution orders." *United States v. Novak*, 476 F.3d 1041, 1046 (9th Cir. 2007) (en banc) (internal citation omitted) (quoting 18 U.S.C. § 3613(a)). The district court did not hold an evidentiary hearing or resolve the parties' dispute over the value of the warehouses before determining that Defendants lacked the ability to pay restitution and ordering a nominal payment schedule. This finding was "without support in inferences that may be drawn from the facts in the record." *United States v. Martinez-Lopez*, 864 F.3d 1034, 1043 (9th Cir. 2017) (en banc) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1263 (9th Cir. 2009) (en banc)).

Defendants' convictions **AFFIRMED.** Restitution order **VACATED** and **REMANDED.**[1]

---

[1] Defendants' motion to take judicial notice of polling data on the COVID-19 pandemic and U.S.-China relations, (Dkt. 14), is **DENIED** as "not relevant to the disposition of this appeal." *Cuellar v. Joyce*, 596 F.3d 505, 512 (9th Cir. 2010).